UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:20-CR-33 |
| | ) |
| BRAXTON GAITOR | ) |

MEMORANDUM OPINION AND ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Cynthia R. Wyrick filed on July 16, 2021, recommending that this Court deny Defendant Braxton Gaitor's motion to suppress. [Doc. 100]. On July 25, 2021, Defendant filed timely objections to the Report and Recommendation. [Docs. 101, 102]. The government subsequently responded in opposition. [Doc. 104]. The matter is now ripe for review. For the following reasons, the Court ADOPTS the Magistrate Judge's Report, ADOPTS the Recommendation, [Doc. 100], and DENIES Defendant's motion to suppress, [Doc. 92].

**I. BACKGROUND**

In early 2020, Co-Defendant, Janmichael Vincent Lingo, was indicted by a federal grand jury charging him with various drug and firearm offenses, all arising from a December 27, 2019 incident. [Doc. 3]. On June 16, 2020, the grand jury issued a First Superseding Indictment against Lingo, and indicted Defendant charging her with two counts of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a), one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(D), one count of possession with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), two counts of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), (i), one count of possession with intent to distribute a substance containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), one count of possession with the intent to distribute a quantify of a mixture and substance containing tetrahydrocannabinols

1

("THC") in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(D), one count of possession of an unregistered firearm in violation of 18 U.S.C. §§ 5822, 5861(d), and 5871, and two counts of providing or possessing contraband in prison in violation of 18 U.S.C. § 1791(a)(1). [Doc. 36].

Defendant subsequently filed a motion to suppress. [Doc. 92]. The Magistrate Judge held a hearing on July 12, 2021. Thereafter, the Magistrate Judge filed her report, recommending Defendant's motion to suppress be denied. [Doc. 100]. Defendant filed timely objections to the Magistrate Judge's report and recommendation, to which the government responded. [Docs. 101, 102, 104].

Defendant did not object to the basic facts outlined in the Magistrate Judge's report and recommendation, but she did object to the findings and legal conclusions related to those facts. After reviewing the record before the Court and finding the facts to be consistent with the Magistrate Judge's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. [Doc. 53 at 1]. *See United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II.     DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). Within fourteen days after being served with a copy of the report and recommendation on a motion to suppress, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

This Court must conduct a de novo review of those portions of the report and recommendation to which objection is made and may accept, reject or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "The district court is not required to review - under a *de novo* or any other standard – 'any issue that is not the subject of an objection.'" *Brown v. Bd. Of Educ.*, 47 F. Supp. 665, 674

2

(W.D. Tenn. 2014) (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). After reviewing the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

Defendant challenges the validity of the Montgomery Street search warrant. [Doc. 102]. Namely, she "adopts the argument of Co-Defendant Lingo in his Memorandum in Support of Objection to Report and Recommendation, Document 53." [*Id.* at 5]. Defendant argues, in her objections, that the Magistrate Judge erred (1) by determining that the good faith exception saved the deficient search warrant, specifically as to the finding that the issuing judge did not wholly abandon her role in assessing probable cause in determining the validity of the search warrant, and (2) by finding that the evidence obtained from the search of the purse was not subject to suppression. [*Id.* at 5-6].

**A. Search Warrant Validity and the Good-Faith Exception**

Notably, this Court has previously considered and ruled on the exact arguments and objections regarding the good faith exception's applicability to the Montgomery Street search warrant. This Court, in a January 8, 2021 memorandum opinion and order, [Doc. 84], held that the Montgomery Street search warrant lacked probable cause, but found that the good faith exception applied. [*Id.*]. In its discussion on circumstances which would render the good faith exception inapplicable, this Court specifically found this case did not present an instance "where the issuing magistrate abandoned his or her judicial role." *United States v. Washington*, 380 F.3d 236, 241 (6th Cir. 2004). In its discussion, this Court explained that:

> [t]he wholly-abandoned-judicial-role exception may apply when the issuing magistrate "serve[s] merely as a rubber stamp for the police." *Leon*, 468 U.S. at 914. In this case, the Defendant has not presented any evidence to suggest the issuing magistrate judge, a state criminal court judge, wholly abandoned her judicial role and "failed to act in a neutral and detached fashion" when reviewing and approving the 613 Montgomery Street search warrant. *United States v. Rice*, 478 F.3d 704, 711-12 (6th Cir. 2007).

[Doc. 84 at 6].

Presently, the Court notes that the Defendant has not set forth any new or novel arguments regarding this exception to the good-faith exception to the validity of the Montgomery Street search

3

warrant. As such, Defendant's objection as to the Magistrate Judge's proposed conclusion of law that the good faith exception would apply if probable cause is not supported is **OVERRULED**.

B. Search of Defendant's Purse

Defendant next contends that if the search warrant is valid, the Magistrate Judge erred by failing to suppress the evidence seized from her purse during the search. [Doc. 102 at 11-14]. Defendant argues that she was an overnight guest and had an expectation of privacy in her purse. [*Id.* at 12].

The Court agrees an overnight social guest "has a reasonable expectation of privacy in the place where [s]he sleeps at night," *United States v. Allen*, 720 F. App'x 254, 257 (6th Cir. 2018) (citing *Minnesota v. Oleson*, 495 U.S. 91, 96-97 (1990)), under the Fourth Amendment. However, the Fourth Amendment's exclusionary rule does not apply to evidence obtained by law enforcement officers acting in reliance on a search warrant issued by a detached and neutral magistrate. *United States v. Leon*, 468 U.S. 897 (1984). In this instance, the Court has upheld the search warrant's validity, and, consequently, the Court's inquiry under *Oleson* must cease. The Court finds that the evidence obtained from the search of Defendant's purse during the execution of the Montgomery Street search warrant was proper, and Defendant's objection is not supported by law and is OVERRULED.

III. CONCLUSION

This matter is before the Court on Defendant's objection to the Magistrate Judge's Report and Recommendation. [Docs. 101, 102]. For the reasons stated in the memorandum opinion and the Court being otherwise sufficiently advised, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation, [Doc. 100], of the Magistrate Judge in its entirety.

It is further ordered that:

(1) the Defendant's objection to the Magistrate Judge's Report and Recommendation, [Doc. ], is **OVERRULED**; and

(2) the Defendant's motion to suppress evidence [Doc. 92], is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE