UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-33-2 |
| | ) |
| BRAXTON E. GAITOR | ) |

## **MEORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Braxton E. Gaitor's Pro Se Motion for Early Termination of Supervised Release [Doc. 209], and the United States's Response in Opposition [Doc. 210]. In August 2021, Ms. Gaitor pleaded guilty to maintaining a dwelling for the purpose of distributing and using Schedule I and Schedule II controlled substances, in violation of 21 U.S.C. § 856(a)(1). [Plea Agreement, Doc. 107]. She was sentenced to 27 months' imprisonment and a term of 3 years of supervised release. [Judgment, Doc. 188, at 2-3]. Ms. Gaitor now moves the Court for early termination of her term of supervised release, which began in July 2024. [Def. Mot., Doc. 209]. In support of her motion, she provides that she has maintained consistent, full-time employment, has successfully completed a phlebotomy program, and is currently enrolled in an LPN program. [*Id*. at 1]. She further states that she has "maintained communication with her probation officer, complied with the conditions of supervision, and demonstrated measurable progress toward rehabilitation." [*Id*.].

The United States Probation Office for the Eastern District of Tennessee has responded in opposition to Ms. Gaitor's motion, citing her communication with her co-defendant, JanMichael Lingo, which was (and is, if ongoing) in violation of her conditions of supervision. Likewise, the

United States Attorney's Office opposes early termination of Ms. Gaitor's term of supervised release citing the same violation. [U.S. Resp., Doc. 210, at 1-2].

While the Court commends and encourages Ms. Gaitor for her progress and effort throughout her term of supervised release, the decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F.App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of her term of supervised release, the Court may – in its discretion – terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3582(e)(1).

Having considered the relevant factors under § 3553(a), which the Court need not address in detail, the Court is not satisfied that Ms. Gaitor's conduct and the interest of justice warrant early termination of her supervision. See *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s factors). Ms. Gaitor's communication with her co-defendant, which the Court was made aware of through an unrelated proceeding, concerns the Court.

The Court finds that continuation of Ms. Gaitor's supervision is necessary to reflect the seriousness of the offense, promote respect for the law, and to afford adequate deterrence to criminal conduct. Therefore, Ms. Gaitor's Motion for Early Termination of Supervised Release [Doc. 209] is **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE